1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DYTANTION D. ELEY, SR.,                    No.  2:13-cv-2457-EFB P

11                    Plaintiff,

12           v.                                  ORDER

13    HOME DEPOT, et al.,

14                    Defendants.

15

16           Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17    U.S.C. § 1983.[1]  In addition to filing a complaint, plaintiff seeks leave to proceed in forma

18    pauperis (IFP) and requests appointment of counsel.

19           Plaintiff's IFP application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

21    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

22    § 1915(b)(1) and (2).

23           District courts lack authority to require counsel to represent indigent prisoners in section

24    1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional

25    circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See*

26

27           [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
28    Rules, Appx. A, at (k)(4).

                                                  1

28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b). When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and for failure to state a claim. Plaintiff alleges that defendants Home Depot, and Home Depot security guard Ozell Murray, have violated his constitutional rights to be free from unreasonable searches and excessive force. He claims as follows:

> On two separate occasions plaintiff has been falsely accused and arrested for a petty theft w/ priors by defendant Ozell Murray on behalf of defendants Home Depot-Home Improvement-Hardware store, and lost preventions security as Doe #2 in claim.  These incidents occurred on the dates of 12-07-2011 and 12-08-2012 . . . .

ECF No. 1 § IV.  Plaintiff also brings state tort claims of assault and battery, false imprisonment, and negligence.  Plaintiff's requested relief is that his habeas petition "be granted," that he be "releas[ed] from state prison," and that all "bogus charges" be "extracted or esponged [sic]."  *Id.* § V.

2

1    As a general rule, a challenge in federal court to the fact of conviction or the length of

2   confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

3   *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Here, plaintiff's action sounds in habeas because

4   his requested relief challenges the fact that he is confined to prison.

5    Where success in a section 1983 action would implicitly question the validity of a

6   conviction, the plaintiff must first show that the underlying conviction was reversed on direct

7   appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the

8   grant of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v.*

9   *Close*, 540 U.S. 749, 751 (2004).  It is implicit from plaintiff's allegations that his conviction still

10  stands.  Yet in this action, plaintiff requests that charges against him be expunged and that he be

11  released from prison.  By the terms of *Heck*, plaintiff is barred from collaterally challenging this

12  underlying criminal conviction in this civil rights action.

13   Plaintiff also fails to plead facts sufficient to state a cognizable claim for relief.  In order

14  to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional

15  or statutory right; and (2) that the violation was committed by a person acting under the color of

16  state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th

17  Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish

18  the defendant's personal involvement in the constitutional deprivation or a causal connection

19  between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen*

20  *v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir.

21  1978).

22   Plaintiff's allegations against Home Depot and Murray do not state a cognizable claim for

23  relief under 42 U.S.C. § 1983 because private individuals and entities do not act under color of

24  state law.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley*

25  *v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties,

26  a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in

27  joint action with the State or its agents.") (citation and quotation marks omitted).  Here, plaintiff

28  alleges that Murray used excessive force and detained him in the Home Depot Store.  He claims

1   that Murray then called the Stockton Police, who subsequently booked plaintiff into jail.  He does

2   not plead facts showing that Murray or Home Depot acted "in concert with state agents to deprive

3   [plaintiff of his] constitutional rights."  *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983).

4           Plaintiff's remaining claims are brought under state law, which do not come within the

5   jurisdiction of the federal courts.  Accordingly, plaintiff's complaint must be dismissed.

6           The court finds that granting plaintiff leave to amend in this action would be futile.  *See*

7   *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105

8   (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

9   absolutely clear that the deficiencies of the complaint could not be cured by amendment."

10  (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]

11  district court should grant leave to amend even if no request to amend the pleading was made,

12  unless it determines that the pleading could not be cured by the allegation of other facts.").

13          Accordingly, IT IS HEREBY ORDERED that:

14      1.   Plaintiff's application to proceed in forma pauperis is granted.

15      2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

16          accordance with the notice to the California Department of Corrections and

17          Rehabilitation filed concurrently herewith.

18      3.   Plaintiff's request for appointment of counsel (ECF No. 4) is denied.

19      4.   The complaint is dismissed without leave to amend, and the Clerk of the Court shall

20          close this case.

21  DATED: February 10, 2014.

22                                      EDMUND F. BRENNAN
23                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                      4